# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 18-0637V
(not to be published)

LOVELY VARUGHESE,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: September 15, 2020

Special Processing Unit (SPU);
Attorney's Fees and Costs

*Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA,* for Petitioner.

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 3, 2018, Lovely Varughese filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on October 29, 2013. (Petition at 1). On May 6, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 50).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated July 30, 2020, (ECF No. 54), requesting a total award of $37,299.01 (representing $35,838.10 in fees and $1,915.91 in costs). In accordance with General Order #9, Petitioner filed a signed statement indicating that she not incurred no out-of-pocket expenses. (*Id.* at 31). Respondent reacted to the motion on August 13, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 55). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

2

**ATTORNEY FEES**

A.  Hourly Rates

Petitioner requests the following rates for her attorneys from Anapol Weiss: for David Carney, $315 per hour for 2018; and for Lawrence Cohan, $440 per hour for 2018, $450 per hour for 2019, and $484 per hour for 2020. (ECF No. 54 at 1). Petitioner also requests paralegal rates of $135 – 145 per hour, based on either paralegal experience or the year the time was billed. (*Id.* at 1-2). The rates for Mr. Carney and the paralegals have been previously awarded, and I find no cause to deviate from those rates. However, I will make an adjustment for Mr. Cohan's 2020 requested rate, for the reasons listed below.

i.      Lawrence Cohan

Petitioner's requested rates for Mr. Cohan for 2018 and 2019 are consistent with what has been previously awarded, and thus require no adjustment. However, although the requested rate for Mr. Cohan's 2020 work is within the appropriate experience range utilized by the Office of Special Masters,[3] I nevertheless find the requested increase to be excessive. Rather, relying on the factors set forth in *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large), a somewhat lesser increase of $470 per hour is more appropriate for his time billed in 2020, and also more consistent with the magnitude of prior increases. This reduces the attorney fees to be awarded in this case by the amount of **$110.60**.

**ATTORNEY COSTS**

Petitioner requests $1,915.91 in overall costs. (ECF No. 54 at 2). This amount includes matters like shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I  hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$37,188.41** (representing $35,273.40 in fees and $1,915.01 in costs) as

---

[3] The Attorneys' Fee Schedule for 2020 is available at http://www.uscfc.uscourts.gov/node/2914.

a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.